IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: |
| v. ) | |
| ) | |
| PASCO COUNTY FAIR ASSOCIATION, ) | |
| INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |

## CONSENT DECREE

1. On July 15, 2010, the United States filed its Complaint in this action alleging that the Defendant violated Title II of the Civil Rights Act of 1964 ("Title II"), 42 U.S.C. §§ 2000a, et seq., by discriminating against persons of Hispanic descent.

2. Defendant Pasco County Fair Association, Inc. (hereinafter "Defendant"), a State-chartered, non-profit corporation that is registered with the State of Florida and does business in the Middle District of Florida, owns and operates the Dan Cannon Auditorium ("the auditorium"), which is located on the Pasco County Fairgrounds at 36722 State Road 52 in Dade City, Florida. Defendant rents the auditorium to the public for receptions, banquets, pageants, seminars, exhibitions and other events.

3. In the Complaint, the United States alleges that the Defendant has engaged in a pattern or practice of denying persons of Hispanic descent, on the basis of national origin, the full use and enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the auditorium on the same basis as such are provided to non-Hispanic white

members of the general public in violation of Title II.

4. The United States alleges specifically that the Defendant has engaged in discrimination against persons of Hispanic descent by quoting and charging them higher rental deposits than non-Hispanic white persons since 2006. The Defendant disputes these allegations.

5. The parties stipulate that the Dan Cannon Auditorium is a "place of public accommodation" within the meaning of 42 U.S.C. § 2000a(b)(3), and that its operations "affect commerce" within the meaning of 42 U.S.C. § 2000a(c)(3).

6. The United States and Defendant have agreed that, in order to avoid protracted and costly litigation, this case should be resolved without further litigation through the terms of this Consent Decree. Therefore, without a trial or adjudication on the merits, the United States and Defendant have consented to the entry of this Decree.

It is hereby, **ORDERED, ADJUDGED,** and **DECREED** that:

## I. Scope of Consent Decree

7. All provisions of this Decree shall apply to the Dan Cannon Auditorium. All provisions of this Decree shall also apply to any other place of public accommodation owned or managed, in whole or in part, by Defendant at any time during the duration of this Decree ("the subject accommodations"), including but not limited to the Pasco County Fairgrounds. All provisions of this Decree shall also apply to Defendant's employees and agents, to all successors to the extent that their cooperation is required in implementing this Decree, and to anyone acting in whole or in part under the direction of the Defendant in connection with such accommodations.

## II. General Injunction

8. Defendant, and Defendant's agents, employees, successors, and all other persons in active concert or participation with them in the ownership and operation of the subject accommodations are enjoined from denying to any person because of national origin the full and equal enjoyment of all of the goods, services, facilities, privileges, advantages and accommodations of the subject accommodations. Prohibited conduct under this Decree includes: (a) failing or refusing on account of national origin to admit any person to the premises of such accommodations; (b) discriminating on the basis of national origin in the terms, conditions, availability, or privileges of admission to or use of such accommodations, or, because of national origin, providing different information about the terms, conditions, availability, or privileges of admission to or use of such accommodations.

## III. Training Program

9. Within thirty (30) days of the date of entry of this Decree, Defendant, including its Executive Board and any employees or agents with responsibility for the management and/or rental of the subject accommodations and the setting or imposition of fees for use of the subject accommodations, shall attend a program of educational training concerning the substantive provisions of Title II, this Consent Decree, and the nondiscrimination policy referred to in paragraph 11 and set forth in Attachment B. Copies of the Consent Decree and the nondiscrimination policy shall be distributed to such employees prior to the training. Each such Board member and employee or agent shall sign a statement in the form of Attachment A acknowledging that he or she has read and understands this Decree, and declaring that he or she

will perform his or her duties in accordance with this Decree. The training, which shall be no less than two hours in duration, shall be conducted by an organization approved by the United States that has experience in providing training on civil rights issues. The training shall be videotaped and viewed by all Board members within sixty (60) days of entry of this Decree. The costs of the training shall be borne by Defendant. All persons attending such a program shall have their attendance certified in writing by the person conducting the educational program and copies of the certificates shall be provided to the United States within ninety (90) days of entry of this Decree. New Executive Board members and employees or agents with responsibility for the management and provision of services at the subject accommodations shall view the videotape of the training and shall sign certificates stating that they have viewed the videotape within thirty (30) days of the commencement of their membership or employment. In addition, such Board members and employees and agents shall sign a statement in the form of Attachment A within thirty (30) days of the commencement of their membership or employment. Copies of the certificates and statements of such new members and employees or agents hired more than six (6) months after entry of this Decree shall be provided to the United States within fifteen (15) days of signature.

10. Volunteers who provide services to the Defendant, with the exception of those who have responsibility or authority to rent the subject accommodations or set or impose fees for the use of such accommodations on behalf of the Defendant, are specifically excluded from the training requirements set forth in Paragraph 9.

### IV. Nondiscriminatory Policies and Notices

11. Within thirty (30) days of entry of this Decree, Defendant shall adopt the nondiscrimination policy statement attached hereto as Attachment B.[1] A copy of the policy statement shall be prominently displayed in both English and Spanish in the management office of the Pasco County Fair Association, Inc., located at 36722 State Road 52, Dade City, Florida 33425-5138.

12. Defendant shall, when placing advertisements in any advertising media (e.g., television, newspaper, radio, telephone book, internet), include information in the advertisements indicating that the subject accommodations are open to all members of the public on an equal basis, without regard to race, color, religion, or national origin.

13. Within thirty (30) days of the date of entry of this Decree, Defendant shall erect and maintain at each public entrance to the subject accommodations a printed sign in both English and Spanish stating that the property is open to all members of the public without regard to race, color, religion, or national origin. Such sign shall be printed in dark letters on a contrasting background and shall be located and maintained in a place that is well-lit and clearly visible to all patrons as they enter the premises. Such sign shall include a statement that any person who believes he or she has been discriminated against on the basis of race, color, religion, or national origin may speak immediately with a manager, and that if he or she disagrees with the manager's decision, may file a written complaint with and/or may call the United States

---

[1] Attachment B is provided in both English and Spanish. Any contracts between the Defendant and work agencies providing temporary volunteer labor to the Defendant at the Fairgrounds will include a provision setting forth the Defendant's nondiscrimination policy statement (Attachment B) and requiring that the temporary volunteer workers abide by the statement.

Department of Justice at (800) 896-7743 and/or Defendant's Board of Directors at (352) 567-6678. The sign should be substantially in the form of Attachment C[2] and its dimensions shall be no less than two (2) feet by two (2) feet. The letters and numbers on the sign should have a minimum height of one (1) inch, with the exception of the contact information for the Department of Justice contained therein, which shall have a minimum height of one half ( ½) inch.

### V. Complaint and Investigation Process

14. Defendant shall establish and maintain for at least the duration of this Consent Decree a system of accepting, processing and investigating any complaints alleging that Defendant, its employees or agents, failed or refused on account of national origin to admit any person to the premises of any subject accommodation, discriminated on the basis of national origin in the terms, conditions, or privileges of admission to or use of such accommodation, or, because of national origin, provided different information about the terms, conditions, or privileges of admission to or use of any such accommodation because of an individual's national origin.

15. On receipt of any oral or written complaint, Defendant shall interview the complainant, involved employees and any other witnesses and shall take other actions to determine within thirty (30) days of receipt of the complaint whether the treatment of the complainant By Defendant's employee(s) or agent(s) violated Title II or this Decree. If Defendant determines that Title II or this Decree was violated, Defendant shall institute

---

[2] Attachment C is provided in both English and Spanish.

appropriate disciplinary measures, and shall effect remedial policies to ensure that the problem is not repeated. Within thirty (30) days of determining whether a violation occurred, Defendant shall notify the Department of Justice of its findings and actions and, if requested, shall provide the Department with all documents or other information relied upon by Defendant. If the Department disagrees with the Defendant's determination regarding whether the conduct of Defendant's employee(s) or agent(s) violated Title II or the Decree, or with respect to whether corrective measures were sufficient to remedy a violation, the Department shall provide the Defendant with written notification of the Department's disagreement with the Defendant's determination and/or corrective measures, along with the basis of the disagreement. The Defendant will have thirty (30) days from the date of the Department's notice in which to remedy the Department's concerns. If the Department is not satisfied with the Defendant's attempt to remedy the Department's concerns, the parties may seek the intervention of the Court. Defendant shall also notify each patron or prospective patron who files a complaint of the results of its investigation.

## VI. Testing

16.     Defendant, in consultation with the United States, shall develop and implement a testing program to audit and monitor the Defendant's compliance at the subject accommodations with federal public accommodations laws and this Decree. The testing program will consist of four (4) paired tests of the subject accommodations in each year of this Decree, for a total of sixteen (16) paired tests. Defendant shall bear all costs, fees, and expenses associated with the development and implementation of this testing program. The tests shall be designed to

determine whether Defendant is providing equal treatment to Hispanic and non-Hispanic white patrons or prospective patrons alike with respect to admission to and use of the subject accommodations.

17. The testing procedures shall be developed, and the tests conducted, by a company or organization ("Testing Contractor") approved by the United States that has expertise in conducting paired testing for potential civil rights violations, including public accommodations, and is wholly independent of Defendant. After completion of the tests, Defendant shall have access to copies of any documentation of the tests produced by the Testing Contractor.

18. Defendant shall enter into a contract with the Testing Contractor that is consistent with the terms of this Decree within ninety (90) days after the entry of this Decree. The contract shall oblige the Testing Contractor to provide an adequate number of trained individuals to serve as testers and to conduct the tests described in paragraph 16. The testers shall not be related to or familiar with any individual who has filed a complaint or claim against Defendant.

19. Testing procedures developed by the Testing Contractor shall be submitted to the United States for approval prior to commencement of the testing program.

20. At no time shall any employee, agent or officer of the subject accommodations be provided with any information concerning the location, procedure or test plan prior to the completion of the test. At no time shall the Testing Contractor disclose to any employee, agent, or officer of Defendant the identities of any individual tester, or any information that would reveal the identities of individual testers; this provision ensures that testers can continue to

participate in compliance tests without compromising the integrity of the testing process.

21. The results of all tests conducted by the Testing Contractor pursuant to this Section, along with supporting documentation, shall be reported to Defendant and to the United States simultaneously within thirty (30) days of the completion of the tests. Should a test result indicate a possible violation of this Decree, Defendant shall conduct an investigation of the facts and circumstances underlying such conduct within thirty (30) days of receipt of the testing evidence. Within fifteen (15) days of completion of its investigation, Defendant shall provide the United States with a report containing the investigation results and Defendant's conclusions, recommendations and timetable for implementation of appropriate actions. Defendant shall implement these recommendations within fifteen (15) days, unless the United States objects, in which case the parties shall use the dispute resolution procedures referred to in paragraphs 27-28.

22. The United States may provide the Testing Contractor with any information received about customer complaints with the exception of information that would specifically identify the individuals making complaints.

23. The United States may also conduct testing at the subject accommodations for the purpose of determining whether Defendant is violating Title II and/or and the terms of this Decree.

### VII. Reporting and Recordkeeping

24. The Defendant shall, no later than ninety (90) days after the date of entry of this Consent Decree, serve a report on the United States evidencing its compliance with the Decree.[3]

---

[3] All documents or other communications required by this Decree to be sent to counsel for the United States shall be sent by facsimile (202-514-1116) or by overnight mail to: Chief, Housing

This report shall include the following:

1. A photograph of each public entrance to the subject accommodations clearly showing the signs required under paragraph 13 of this Decree;

2. A list of all advertisements covered by paragraph 12 of this Decree, made public in any manner since the entry of this Decree, together with representative samples of such advertisements;

3. Written certification by the person conducting the educational program referred to in paragraph 9, with the exception that the certifications of covered employees who are hired more than six (6) months after entry of this Decree shall be submitted within fifteen (15) days of signature.

25. Six (6) months after the date of entry of this Decree, and every 6 months thereafter for four (4) years from the date of entry of this Decree,[4] the Defendant shall serve upon the Housing and Civil Enforcement Section a written report evidencing continuing compliance with this Decree. This report shall contain the following information:

   a. Representative samples of all advertising for the previous six-month period, as required by paragraph 12 above;

   b. A description of each written or oral complaint against the Defendant on the basis of race, color, religion, or national origin, and any actions taken with respect

---

and Civil Enforcement Section, Civil Rights Division, United States Department of Justice, 1800 G. St., NW, Suite 7002, Washington, D.C. 20006, with the note: "<u>Attention: DJ # 167-17M-491</u>."

[4] Except that the last report shall be submitted sixty (60) days before the fourth-year anniversary of the Decree.

thereto;

c. Notification of any new ownership or management interest Defendant has acquired or developed in any place of public accommodation, as defined in Title II, during the preceding six-month period. Such notification shall include a description of the place of public accommodation in which Defendant has acquired or developed such interest, the address of such accommodation, the goods and/or services provided by or at such accommodation, and the dates of operation of such accommodation; and

d. Notification whether, during the preceding six-month period, the Defendant has either ceased operating, or has licensed any business name to others for the purpose of operating the subject accommodations.

26. Defendant shall maintain all records relating to implementation of and compliance with all provisions of this Decree. Upon request, the Defendant shall provide the United States with copies of any records maintained as required by the Decree.

## VIII. Dispute Resolution Procedure

27. If differences arise between the parties regarding Defendant's compliance with, interpretation of, or implementation of the terms of this Decree, the parties shall endeavor to resolve such differences between themselves before seeking the intervention of the Court.

28. In the event of a failure by Defendant to perform in a timely manner any act required by this Decree, or otherwise to act in conformance with any provision thereof, and if the voluntary dispute resolution procedure referred to in paragraph 27 is unsuccessful, the United

11

States may move this Court to impose any remedy authorized by law or equity, including but not limited to an order requiring performance of such act or deeming such act to have been performed, and an award of any damages, costs, and attorney's fees that may have been occasioned by Defendant's violation or failure to perform.

## IX. Term and Administration of Consent Decree

29. This Court shall retain jurisdiction of this case for purposes of enforcing this Consent Decree, which shall be effective for a period of four (4) years following the date of entry by the Court, after which time the case shall be dismissed with prejudice. The United States may move the Court to extend the duration of the Decree in the interests of justice.

It is so **ORDERED** this 19th day of JULY, 2010.

UNITED STATES DISTRICT JUDGE
ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

**For the United States:**

A. BRIAN ALBRITTON
United States Attorney

By: _____
E. KENNETH STEGEBY
Assistant United States Attorney
USAO No. 112
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
Phone: (813) 274-6303
Fax: (813) 274-6198
Kenneth.Stegeby@usdoj.gov

THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division

_____
STEVEN H. ROSENBAUM
Chief
MICHAEL S. MAURER
Deputy Chief
NANCY F. LANGWORTHY
Trial Attorney
Bar No. 377947 (D.C.)
Housing and Civil Enforcement
 Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Ave., NW - G St.
Washington, D.C. 20530
Phone: (202) 616-8925
Fax: (202) 514-1116
Nancy.Langworthy@usdoj.gov

**For Defendant Pasco County Fair Association, Inc.:**

_____
P. HUTCHINSON "HUTCH" BROCK, II
Johnson, Auvil, Brock & Wilson, P.A.
Florida Bar No. 861243
37837 Meridian Avenue, Suite 314
Dade City, Florida 33525
Phone: (352) 567-2500, ext. 1112
Fax: (352) 567-6813
hutchb@dadecitylaw.com

_____
JOHN R. OWENS
Banker Lopez Gassler P.A.
Florida Bar No. 0062200
501 E. Kennedy Boulevard., Suite 1500
Tampa, Florida
Phone: (813) 221-1500
Fax: (813) 222-3066
JOwens@BANKERLOPEZ.com

**For the United States:**

A. BRIAN ALBRITTON
United States Attorney

By: _____
E. KENNETH STEGEBY
Assistant United States Attorney
USAO No. 112
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
Phone: (813) 274-6303
Fax: (813) 274-6198
Kenneth.Stegeby@usdoj.gov

THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division

_____
STEVEN H. ROSENBAUM
Chief
MICHAEL S. MAURER
Deputy Chief
NANCY F. LANGWORTHY
Trial Attorney
Bar No. 377947 (D.C.)
Housing and Civil Enforcement
 Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Ave., NW - G St.
Washington, D.C. 20530
Phone: (202) 616-8925
Fax: (202) 514-1116
Nancy.Langworthy@usdoj.gov

**For Defendant Pasco County Fair Association, Inc.:**

P. HUTCHINSON "HUTCH" BROCK, II
Johnson, Auvil, Brock & Wilson, P.A.
Florida Bar No. 861243
37837 Meridian Avenue, Suite 314
Dade City, Florida 33525
Phone: (352) 567-2500, ext. 1112
Fax: (352) 567-6813
hutchb@dadecitylaw.com

JOHN R. OWENS
Banker Lopez Gassler P.A.
Florida Bar No. 0062200
501 E. Kennedy Boulevard., Suite 1500
Tampa, Florida
Phone: (813) 221-1500
Fax: (813) 222-3066
JOwens@BANKERLOPEZ.com

14

## ATTACHMENT A

I have reviewed and read a copy of the Consent Decree entered in <u>United States of America v. Pasco County Fair Association, Inc.</u>, Middle District of Florida, Civil Action No. xxxxxx. I understand the terms of that Decree, and I further understand that Federal law guarantees that no person may be denied, on account of their race, color, religion, or national origin the full use and enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of places of public accommodation such as the Dan Cannon Auditorium and the Pasco County fairgrounds. With that understanding, I agree that, as a condition of renting Dan Cannon Auditorium or providing any other goods and/or services on behalf of the Auditorium, the fair or fairgrounds or any other place of public accommodation owned or managed by the Pasco County Fair Association, Inc., I shall not discriminate in any manner on account of race, color, religion, or national origin in the provision of such goods and/or services. If I violate the terms of the Consent Decree, I understand that I may be dismissed or terminated or subject to other disciplinary action.

I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

_____
Signature

_____
Home Address

_____
Home Telephone Number

## ATTACHMENT B

The Pasco County Fair Association, Inc., supports equal opportunity in the conduct of fairs, exhibitions, rodeos, races, contests, banquets, celebrations and other events and activities and in the use of facilities and employment and membership by prohibiting discrimination in those areas based on race, color, religion, or national origin.[5]

It is the policy of the Pasco County Fair Association, Inc. that no customer or prospective customer of Dan Cannon Auditorium, Pasco County fairs, the fairground itself, or any other property, facility, structure or establishment on the fairground that is available to the public for exhibitions or other forms of entertainment, may be denied the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of such property, facility, structure or establishment because of his or her race, color, religion, or national origin.

This policy prohibits discriminating on the basis of race, color, religion, or national origin in the terms, conditions, or privileges of admission to or use of the above-referenced properties, facilities, structures or establishments, and also prohibits providing different information about those terms, conditions, or privileges of admission to or use of such properties, facilities, structures or establishments on account of race, color, religion, or national origin. This policy, which is fully consistent with federal law, specifically bars charging or quoting customers or prospective customers higher fees or deposits for use of the above-referenced properties, facilities, structures or establishments on account of race, color, religion, or national origin.

---

[5] The Pasco County Fair Association, Inc. may include, in its discretion, additional protected classes in this nondiscrimination statement.

16

## ANEXO B

Pasco County Fair Association, Inc. apoya la igualdad de oportunidades en la realización de ferias, exhibiciones, rodeos, carreras, concursos, banquetes, celebraciones y otros eventos y actividades, así como en el uso de instalaciones, contratación y membresía, y prohíbe la discriminación en tales áreas debido a raza, color, religión u origen nacional.[1]

La política de Pasco County Fair Association, Inc. es que a ningún cliente, ya sea actual o futuro, de Dan Cannon Auditorium, ferias del Condado de Pasco, el parque de diversiones mismo, o cualquier otra propiedad, instalación, estructura o establecimiento en el parque de diversiones que se encuentre disponible al público para exhibiciones u otras formas de entretenimiento, se le puede denegar el disfrute total y equitativo de los bienes, servicios, instalaciones, privilegios, ventajas o alojamientos de dicha propiedad, instalación, estructura o establecimiento debido a su raza, color, religión u origen nacional.

Esta política prohíbe la discriminación debido a raza, color, religión u origen nacional en los términos, condiciones o privilegios de admisión a las propiedades, instalaciones, estructuras o establecimientos anteriormente indicados o de su uso, y también prohíbe suministrar información diferente acerca de dichos términos, condiciones o privilegios de admisión a las propiedades, instalaciones, estructuras o establecimientos anteriormente indicados o de su uso debido a raza, color, religión u origen nacional. Esta política, que se encuentra en plena conformidad con la ley federal, prohíbe específicamente el cobro o la cotización a clientes, sean éstos actuales o futuros, de tarifas o depósitos más altos para utilizar las propiedades, instalaciones, estructuras o establecimientos anteriormente indicados debido a raza, color, religión u origen nacional.

---

[1] Pasco County Fair Association, Inc., a su discreción, puede incluir otras categorías protegidas en esta declaración de no discriminación.

17

<u>ATTACHMENT C</u>

N O T I C E

[DAN CANNON AUDITORIUM] IS AVAILABLE FOR RENTAL TO ALL MEMBERS
OF THE PUBLIC
WITHOUT REGARD TO RACE, COLOR, RELIGION, OR NATIONAL ORIGIN.
IF YOU FEEL YOU HAVE BEEN
UNLAWFULLY DENIED ACCESS TO [THE AUDITORIUM] OR HAVE BEEN DENIED
THE FULL AND EQUAL ENJOYMENT OF THE GOODS, SERVICES, FACILITIES,
PRIVILEGES, ADVANTAGES AND ACCOMMODATIONS OF THE FACILITY
BECAUSE OF RACE, COLOR, RELIGION, OR NATIONAL ORIGIN,
YOU MAY TALK TO A REPRESENTATIVE OF THE PASCO COUNTY FAIR
ASSOCIATION BY CALLING: (813) XXX-XXXX
AND/OR YOU MAY FILE A WRITTEN COMPLAINT WITH THE:
PASCO COUNTY FAIR ASSOCIATION'S COMPLAINT DEPARTMENT AT:


OR, YOU MAY WRITE OR CALL:

The United States Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section
950 Pennsylvania Ave., Washington, D.C. 20530
1-800 896-7743, Ex. 5

<u>ANEXO C</u>

A V I S O

[DAN CANNON AUDITORIUM] ESTÁ DISPONIBLE PARA SER ALQUILADO POR CUALQUIER MIEMBRO DEL PÚBLICO SIN IMPORTAR SU RAZA, COLOR, RELIGIÓN U ORIGEN NACIONAL.
SI CONSIDERA QUE SE LE HA DENEGADO ACCESO ILEGALMENTE A [EL AUDITORIO] O QUE SE LE HA DENEGADO DISFRUTE TOTAL Y EQUITATIVO DE LOS BIENES, SERVICIOS, INSTALACIONES, PRIVILEGIOS, VENTAJAS Y ALOJAMIENTOS DE LA INSTALACIÓN DEBIDO A SU RAZA, COLOR, RELIGIÓN U ORIGEN NACIONAL, PUEDE COMUNICARSE CON UN REPRESENTANTE DE PASCO COUNTY FAIR ASSOCIATION LLAMANDO AL TELÉFONO: (813) XXX-XXXX O BIEN, PUEDE PRESENTAR UNA QUEJA POR ESCRITO ANTE EL: DEPARTAMENTO DE QUEJAS DE PASCO COUNTY FAIR ASSOCIATION A:


O PUEDE ESCRIBIR O LLAMAR A:


The United States Department of Justice (Ministerio de Justicia de EE.UU.)
Civil Rights Division
Housing and Civil Enforcement Section
950 Pennsylvania Ave., Washington, D.C. 20530
1-800 896-7743, Ex. 5